UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
STEPHANIE ALEXIS MELENDEZ and ERIC CRUZ

                Plaintiffs,              **COMPLAINT**

   -against-                         **JURY TRIAL DEMANDED**
                                            Case No. **07 CIV 6511**

THE CITY OF NEW YORK, KEVIN MCGEOUGH,
SMITH, and JOHN DOES #1-5

                Defendants.
------------------------------------------------------------------x

Plaintiffs STEPHANIE ALEXIS MELENDEZ and ERIC CRUZ, by and through their attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, LLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiffs, STEPHANIE ALEXIS MELENDEZ and ERIC CRUZ, seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and 42, this being an action seeking redress for the violation of plaintiffs' constitutional and civil rights

3. Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. The plaintiffs respectfully request that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5. Venue herein is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiffs have each filed a Notice of Claim with the Comptroller of the City of New York on or about May 11, 2007 within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff Stephanie Alexis Melendez (Ms. Melendez) is 18 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of the Bronx.

8. Plaintiff Eric Cruz (Mr. Cruz) is 18 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of the Bronx.

9. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

11. Defendants MCGEOUGH, SMITH, and DOES are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. Defendants MCGEOUGH, SMITH, and DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

12. Defendants MCGEOUGH, SMITH, and DOES are sued individually.

## STATEMENT OF FACTS

13. On or about the evening of July 3, 2006 at approximately 7:00 P.M. plaintiffs Ms. Melendez and Mr. Cruz were standing outside on Lafayette Avenue in the County of Bronx, New York with several friends when plaintiffs Ms. Melendez and Mr. Cruz noticed that several police officers were across the street arresting a mutual friend, Carlos Perez.

14. When Ms. Melendez witnessed the police using excessive force on Carlos Perez for a mere traffic violation, she approached the officers and calmly asked if they could stop hurting him. An officer replied by saying they were going to arrest her.

15. One of the officers suddenly grabbed Ms. Melendez's arm, and punched her in the head with such force that it caused plaintiff to lose her balance and stumble backwards. When Ms. Melendez attempted to protect herself from being hit again, a second officer approached and also began to physically attack Ms. Melendez.

16. After this violent and unnecessary altercation, which lasted over ten minutes, the officers proceeded to throw Ms. Melendez on top of the hood of the squad car before placing her inside of the vehicle. After her request for medical attention was ignored, the police proceeded to transport her to the precinct.

17. While in transit, Ms. Melendez again requested medical treatment for her wrist, and again she was denied. Upon arriving at the precinct and being placed in a cell, Ms. Melendez again asked for medical treatment and again was denied and was forced to sit in the cell in severe pain for several hours before finally being transported to Jacoby Hospital.

18. Once transferred to the hospital, Ms. Melendez again had to wait for hours in pain to be treated in the emergency room. Once the treating physicians determined that she did in fact have a broken wrist, they put her entire right arm into a plaster cast.

19. After receiving medical treatment she was transported back to the PSA 8 Precinct and then taken to Central Booking where she was not released until 12:00 A.M. the following day. Upon release, Ms. Melendez returned to Jacoby hospital to request medication to relieve her excruciating pain. Subsequently, Ms. Melendez's cast was not removed for over two months; a period during which she needed to return to the hospital for follow-up visits and at one point had to replace her cast with a new one.

20. It should be noted that the violent manner in which Ms. Melendez was handcuffed by the defendants was the direct and proximate cause of her wrist being broken.

21. When plaintiff Mr. Cruz observed his friend, Carlos Perez being arrested, he approached in order to find out if he could take some of Mr. Perez's personal belongings. In response to Mr. Cruz's inquiry, defendant JOHN DOE #1 told another officer to arrest Mr. Cruz and proceeded to strike him in the forehead with his walkie-talkie causing him to bleed instantly.

22. Almost immediately thereafter, defendants MCGEOUGH, SMITH and DOES ambushed Mr. Cruz, jumped on top of him, kneed him in the stomach, kicked him, and beat him with their batons.

23. As a result, the wind was knocked out of him to the point that Mr. Cruz was gasping for air; his elbows, pelvic area, neck and back were bleeding; his clothing

was torn, his ribs were bruised on both sides; and Mr. Cruz ended on his stomach with his face pushed against the cement and his right arm pinned behind his back.

24. Said defendants pushed Mr. Cruz's chest deeper into the cement as they handcuffed him, pulled him up from the floor and shoved him into a van to sit for over twenty minutes dripping blood before transporting him to the precinct.

25. Subsequently, in the PS-A8 Precinct, despite being told he was arrested, Mr. Cruz was neither photographed nor fingerprinted, nor told what the charges were against him.

26. His requests for medical treatment and to be taken to the hospital were denied by several officers until finally when the EMS worker arrived to take Ms. Melendez to the hospital, he informed the officers that Mr. Cruz needed to be transported as well.

27. In the emergency room, Mr. Cruz was given medication and his elbow and head were bandaged to stop the bleeding. He was brought back to the precinct and searched and then brought to Central Booking where he sat for over twenty (20) hours thereafter.

28. Prior to filing a criminal complaint against Mr. Cruz in criminal court, defendant SMITH issued a summons to Mr. Cruz charging him with disorderly conduct. The criminal complaint was disposed of at arraignment pursuant to a plea to disorderly conduct; Penal Law § 240.20. The duplicitous summons was dismissed by the criminal court on August 31, 2006.

29. Ms. Melendez was formally charged with Obstruction of Governmental Administration; Penal Law § 195.05 and Criminal Mischief in the Fourth Degree; Penal

Law § 145.00. The criminal complaint was disposed of at arraignment pursuant to a plea to disorderly conduct; Penal Law § 240.20.

### AS AND FOR A FIRST CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### US CONSTITUTION AND 42 U.S.C. § 1983
### BY MCGEOUGH, SMITH, and DOES

30. Plaintiff STEPHANIE ALEXIS MELENDEZ repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

31. By their conduct and actions in arresting, imprisoning, physically assaulting, failing to intercede on behalf of STEPHANIE ALEXIS MELENDEZ and in failing to protect her from the unjustified and unconstitutional treatment she received at the hands of other defendants, defendants MCGEOUGH, SMITH, and DOES, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

32. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SECOND OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### US CONSTITUTION AND 42 U.S.C. § 1983
### BY MCGEOUGH, SMITH, and DOES

33. Plaintiff ERIC CRUZ repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

34. By their conduct and actions in arresting, imprisoning, physically assaulting, failing to intercede on behalf of ERIC CRUZ and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants MCGEOUGH, SMITH, and DOES, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

35. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY
### THE CITY OF NEW YORK

36. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

37. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants MCGEOUGH, SMITH, and DOES had <u>de facto</u> policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

38. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants MCGEOUGH, SMITH, and DOES had <u>de facto</u> policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

39. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FALSE ARRENT and FALSE IMPRISONMENT

40. Plaintiff STEPHANIE ALEXIS MELENDEZ repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

41. By the actions described above, defendants MCGEOUGH, SMITH, and DOES falsely arrested or caused to be falsely arrested plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

42. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FALSE ARREST and FALSE IMPRISONMENT

43. Plaintiff ERIC CRUZ repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

44. By the actions described above, defendants MCGEOUGH, SMITH, and DOES falsely arrested or caused to be falsely arrested plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

45. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SIXTH CAUSE OF ACTION
### NEGLIGENCE

46. Plaintiff STEPHANIE ALEXIS MELENDEZ repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

47. Defendants MCGEOUGH, SMITH, and DOES negligently caused injuries, emotional distress and damage to the plaintiff STEPHANIE ALEXIS MELENDEZ. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

48. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### NEGLIGENCE

49. Plaintiff ERIC CRUZ repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

50. Defendants MCGEOUGH, SMITH, and DOES negligently caused injuries, emotional distress and damage to the plaintiff ERIC CRUZ. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

51. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION,
### SUPERVISION AND TRAINING

52. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

53. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants MCGEOUGH, SMITH, and DOES. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A NINTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL HARM

55. Plaintiff STEPHANIE ALEXIS MELENDEZ repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

56. Defendants MCGEOUGH, SMITH, and DOES negligently caused emotional distress and damage to the plaintiff STEPHANIE ALEXIS MELENDEZ. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A TENTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL HARM

58. Plaintiff ERIC CRUZ repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

59. Defendants MCGEOUGH, SMITH, and DOES negligently caused emotional distress and damage to the plaintiff ERIC CRUZ. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and

violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiffs demand the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empanelling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorneys' fees;

e. Such other further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
July 10, 2007

Respectfully submitted,

**SCOTT G. CERBIN, LLC**
Counsel for the Plaintiff

By: Scott G. Cerbin (SC5508)
26 Court Street, Suite 810
Brooklyn, New York 11242
(718) 596-1829