**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------ x

| | |
|---|---|
| **STEPHANIE ALEXIS MELENDEZ and ERIC CRUZ,** | **ANSWER OF DEFENDANT CITY OF NEW YORK** |
| Plaintiff, | |
| -against- | 07 Civ. 6511 (HB) |
| **THE CITY OF NEW YORK, KEVIN MCGEOUGH, SMITH, and JOHN DOES #1-5,** | JURY TRIAL DEMANDED |
| **Defendants.** | |

------------------------------------------------------------------------ x

Defendant City of New York ("City"),[1] by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows.

1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiffs purport to proceed as stated therein.

2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiffs purport to base venue as stated therein.

---

[1] Upon information and belief, defendants McGeough and Smith were served on September 24, 2007, and therefore, their answer to the complaint is due by October 15, 2007.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that a document purported to be a Notice of Claim for Stephanie Melendez was received by the City of New York on September 8, 2006, and a document purported to be a Notice of Claim for Eric Cruz was received by the City of New York on September 8, 2006.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that the City of New York is a municipal corporation.

10. Denies the allegations set forth in paragraph "10" of the complaint, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits that defendants McGeough and Smith are currently employed by the New York City Police Department.

12. States that the allegations set forth in paragraph "12" do not contain averments of fact to which a response is required.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph "27" of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. In response to the allegations set forth in paragraph "52" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. Denies the allegations set forth in paragraph "60" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

61. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

62. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

63. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

64. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendant City.

### AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE:

65. There was probable cause for plaintiffs' arrest, detention and prosecution, if any.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

66. Plaintiffs provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

67. Punitive damages cannot be assessed against defendant City.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

68. Plaintiffs' failed to comply with New York General Municipal Law §§50-e and 50-i.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

69. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**WHEREFORE,** defendant City requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           October 8, 2007

           MICHAEL A. CARDOZO
           Corporation Counsel of the
             City of New York
           Attorney for Defendant City
           100 Church Street
           New York, New York 10007
           (212) 788-0906

By:     /s/
       Shawn D. Fabian (SF4606)
       Assistant Corporation Counsel
       Special Federal Litigation Division

To:     Scott G. Cerbin, Esq. (By ECF and First Class Mail)
       Attorney for Plaintiff
       26 Court Street, Suite 810
       Brooklyn, New York 11242

- 8 -

## DECLARATION OF SERVICE

Shawn D. Fabian declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On October 8, 2007, I served the annexed "**ANSWER OF DEFENDANT CITY OF NEW YORK**," upon Scott G. Cerbin, Esq., counsel for plaintiff, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to counsel for plaintiff:

    Scott G. Cerbin, Esq.
    26 Court Street, Suite 810
    Brooklyn, New York 11242

being the address designated by plaintiff for that purpose.

Dated: New York, New York
       October 8, 2007

                                                /s/
                                        SHAWN D. FABIAN
                                        ASSISTANT CORPORATION COUNSEL