**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------ x

| | |
|---|---|
| **STEPHANIE ALEXIS MELENDEZ and ERIC CRUZ,** | **ANSWER OF DEFENDANTS** |
| **Plaintiff,** | **MCGEOUGH AND SMITH** |
| -against- | 07 Civ. 6511 (HB) |
| **THE CITY OF NEW YORK, KEVIN MCGEOUGH, SMITH, and JOHN DOES #1-5,** | JURY TRIAL DEMANDED |
| **Defendants.** | |

------------------------------------------------------------------------ x

Defendants McGeough and Smith, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows.

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiffs purport to base venue as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that a document purported to be a Notice of Claim for Stephanie Melendez was received by the

City of New York on September 8, 2006, and a document purported to be a Notice of Claim for Eric Cruz was received by the City of New York on September 8, 2006.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York is a municipal corporation.

10. Deny the allegations set forth in paragraph "10" of the complaint, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that defendants McGeough and Smith are currently employed by the New York City Police Department.

12. State that the allegations set forth in paragraph "12" do not contain averments of fact to which a response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint, except admit that plaintiff Cruz was issued a summons.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendants McGeough and Smith repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendants McGeough and Smith repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants McGeough and Smith repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants McGeough and Smith repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants McGeough and Smith repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants McGeough and Smith repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. In response to the allegations set forth in paragraph "49" of the complaint, defendants McGeough and Smith repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. In response to the allegations set forth in paragraph "52" of the complaint, defendants McGeough and Smith repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendants McGeough and Smith repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendants McGeough and Smith repeat and reallege the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

61. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

62. Defendants McGeough and Smith have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

63. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants McGeough or Smith.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

64. Defendants McGeough and Smith have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

65. At all times relevant to the acts alleged in the complaint, defendants McGeough and Smith acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:**

66. There was probable cause for plaintiffs' arrest, detention and prosecution, if any.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

67. Plaintiffs provoked any incident.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

68. Plaintiffs' failed to comply with New York General Municipal Law §§50-e and 50-i.

- 7 -

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

69. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**WHEREFORE,** defendants McGeough and Smith request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          October 15, 2007

        MICHAEL A. CARDOZO
        Corporation Counsel of the
          City of New York
        Attorney for Defendant City
        100 Church Street
        New York, New York 10007
        (212) 788-0906

By:     /s/
    Shawn D. Fabian (SF4606)
    Assistant Corporation Counsel
    Special Federal Litigation Division

To:   Scott G. Cerbin, Esq. (By ECF and First Class Mail)
      Attorney for Plaintiff
      26 Court Street, Suite 810
      Brooklyn, New York 11242

- 8 -

## DECLARATION OF SERVICE

Shawn D. Fabian declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On October 15, 2007, I served the annexed "**ANSWER OF DEFENDANTS MCGEOUGH AND SMITH**," upon Scott G. Cerbin, Esq., counsel for plaintiff, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to counsel for plaintiff:

    Scott G. Cerbin, Esq.
    26 Court Street, Suite 810
    Brooklyn, New York 11242

being the address designated by plaintiff for that purpose.

Dated: New York, New York
       October 15, 2007

                                              /s/
                                    SHAWN D. FABIAN
                                    ASSISTANT CORPORATION COUNSEL